In the Matter of the Claim of BRENDA MALINA, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, November 23, 1977

## APPEARANCES OF COUNSEL

*Brenda Malina,* appellant *pro se.*

*Louis J. Lefkowitz, Attorney-General (Rochelle M. Baron, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

## OPINION OF THE COURT

HERLIHY, J.

This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed August 2, 1976, which affirmed the decision of a referee holding that the request for a hearing was not timely filed.

By a referee's decision filed January 9, 1973 a prior local office determination that the claimant had refused employ-

ment without good cause was overruled. The Industrial Commissioner appealed from that decision to the board on January 16, 1973 and the board by a decision apparently filed on April 27, 1973 overruled that referee decision and sustained the initial determination of ineligibility because of refusal of employment.

The record discloses that on May 1, 1973 the local office prepared a "notice of recoverable overpayment" form which was not personally served on claimant according to the form itself. Also on May 1, 1973 the local office prepared a "notice of determination" which purports to be (1) "notice of determination of eligibility", and, (2) "notice of determination of overpayment and requirement for repayment". The "notice of determination" was mailed to claimant and she does not dispute proper service as of May 1, 1973.

At the referee hearing of April 29, 1976 the referee at the opening of the case referred to the initial determination of overpayment dated May 1, 1973 and then said that the claimant's request for a hearing, April 7, 1976, was more than 30 days after the service of the determination. A representative of the respondent was sworn and she identified various documents and asserted that the initial determination was mailed to claimant on May 1, 1973 and a hearing was not requested until April 7, 1976. The claimant, however, testified that: "I am not contesting the prior [May 1, 1973] finding of recoverability but I am contesting the withholding of my current benefits. I filed on March 22, 1976, *and was notified that my benefits would not be given to me."* (Emphasis supplied.)

In March, 1976 the claimant filed for benefits which were granted but withheld to satisfy the overpayment of $255 found by the board to be recoverable in its 1973 decision. Apparently from that date until March, 1976 the agency made no effort to collect the overpayment.

The referee and the board found that the claimant did not request a hearing within 30 days of the 1973 decision and that they "lacked jurisdiction to rule on the merits thereof".

The decision must be reversed and the matter remitted to the board to determine the issue as to whether the 1976 unemployment insurance benefits may be applied to satisfy a prior initial determination (1973) that overpayments are recoverable. (See Labor Law, § 594.) This issue was not before

the board nor could it have been considered in its 1973 decision.

The decision should be reversed, with costs, and the matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.

KOREMAN, P. J., GREENBLOTT, LARKIN and MIKOLL, JJ., concur.

Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.